United States District Court
Southern District of Texas
**ENTERED**
May 30, 2025
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| LONNIE HENRY RECTOR, JR., | § | |
| | § | |
| *Plaintiff*, | § | |
| | § | |
| v. | § | Civil Action No. H-25-1510 |
| | § | |
| HON. CHARLES ESKRIDGE, | § | |
| | § | |
| *Defendant.* | § | |

**MEMORANDUM OPINION AND ORDER**

State prisoner Lonnie Henry Rector, Jr., proceeding *pro se* and *in forma pauperis*, filed an amended complaint against Charles Eskridge, a federal district judge in the United States District Court for the Southern District of Texas, under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971). (Docket Entries No. 9, 9-1.)

Having screened the amended complaint under 28 U.S.C. § 1915(e) and § 1915A, the Court **DISMISSES** this lawsuit for the reasons shown below.

### I. BACKGROUND AND CLAIMS

Rector names the Honorable Charles Eskridge as the sole defendant in his amended complaint. (Docket Entry No. 9, section IV(B).) He states that on an undisclosed date, he filed a federal habeas petition under 28 U.S.C. § 2241 in the United States District Court for the Eastern District of Texas, challenging a conviction that arose in the Southern District of Texas. He complains that the Eastern District court transferred the petition to the Southern District in April–May 2024 "and ruled against plaintiff." *Id.*, section V. Rector claims that



the transfer and dismissal of his habeas petition violated his constitutional rights, as "the essence of civil liberty consists in the right of every individual to claim the protection of the laws whenever he receives an injury." *Id.* He requests no specific judicial relief, asking for "what the court deems just, proper, and equitable." *Id.*, section VI.

A review of public online records for this Court shows that Rector filed a § 2241 habeas petition in the Eastern District of Texas on April 22, 2024, challenging the constitutionality of his 1996 Harris County, Texas conviction and enhanced life sentence for aggravated robbery. The Eastern District court construed the § 2241 petition as one brought under § 2254, and transferred it to this Court on May 2, 2024, where it was assigned to Judge Eskridge. *Rector v. Lumpkin*, C.A. No. H-24-1741 (S.D. Tex.). Judge Eskridge dismissed the petition without prejudice on May 30, 2024, as an unauthorized successive habeas petition. No appeal was taken.

## II. ANALYSIS

A.  Standard of Review

Because Rector has been granted leave to proceed *in forma pauperis*, the Court is required by statute to review and screen the amended complaint. Under 28 U.S.C. § 1915(e)(2), "the court shall dismiss the case at any time if the court determines that . . . the action or appeal (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2).

2

A complaint is frivolous if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325, (1989); *Samford v. Dretke*, 562 F.3d 674, 678 (5th Cir. 2009). A claim lacks an arguable basis in law when it is "based on an indisputably meritless legal theory." *Neitzke*, 490 U.S. at 327. A claim lacks an arguable basis in fact when the facts alleged are fantastic or delusional scenarios or the legal theory upon which it relies is indisputably meritless. *Harris v. Hegmann*, 198 F.3d 153, 156 (5th Cir. 1999).

B.  Official Capacity Claims under *Bivens*

Rector does not specify whether he sues Judge Eskridge in his official or individual capacity. To the extent he sues Judge Eskridge in his official capacity as a federal judicial officer, his suit is effectively against the United States government, which is entitled to sovereign immunity from suit. *Smart v. Holder*, 368 F. App'x 591, 593 (5th Cir. 2010) ("[S]uits against federal officers in their official capacity are really suits against the government."). "The United States enjoys sovereign immunity from suit, meaning it cannot be sued without consent." *Gonzalez v. United States*, 851 F.3d 538, 543 (5th Cir. 2017) (citations omitted). Accordingly, a plaintiff may sue the United States only if a federal statute specifically waives sovereign immunity. *In re FEMA Trailer Formaldehyde Prods. Liab. Litig.*, 668 F.3d 281, 287 (5th Cir. 2012); *see also Wagstaff v. U.S. Dep't of Educ.*, 509 F.3d 661, 664 (5th Cir. 2007) ("In order to hale the federal government into a court proceeding, a plaintiff must show that there has been a valid waiver of sovereign immunity."). Any waiver of the sovereign immunity of the United States must clearly appear

3

in statutory text and cannot be implied. *Wagstaff*, 509 F.3d at 664. Rector has not identified any waiver of sovereign immunity applicable to his claims. Accordingly, Rector's claims against Judge Eskridge in his official capacity are dismissed with prejudice.

C.  Individual Capacity Claims under *Bivens*

To the extent Rector sues Judge Eskridge in his individual capacity, the legal basis for such suit would need to arise under *Bivens*. *Bivens* provides a cause of action only against federal government officers in their individual capacities. *Affiliated Pro. Home Health Care Agency v. Shalala*, 164 F.3d 282, 286 (5th Cir. 1999).

Even so, *Bivens* has limited application. "The Supreme Court has authorized an implied damages remedy against federal officers for constitutional violations (*Bivens* actions) only three times." *Springer v. United States*, 2022 WL 2208516, at *1 (5th Cir. June 21, 2022) (citing *Carlson v. Green*, 446 U.S. 14 (1980) (Eighth Amendment claim under *Bivens* for failure to provide adequate medical assistance to an inmate); *Davis v. Passman*, 442 U.S. 228 (1979) (Fifth Amendment Due Process claim under *Bivens* for gender discrimination); *Bivens* (Fourth Amendment claim for unreasonable search and seizure)). As explained by the Supreme Court of the United States, "the Court has made clear that expanding the *Bivens* remedy is now a 'disfavored' judicial activity." *Ashcroft v. Iqbal*, 556 U.S. 662, 675 (2009). "*Bivens* does not extend to new contexts —that is, those that are different in a meaningful way from previous *Bivens* cases decided by the Supreme Court." *Springer*, at *1 (cleaned up); *see also Butler v. S. Porter*, 999 F.3d 287, 294 (5th Cir. 2021).

*Bivens* has not been extended to civil claims against federal district judges of the nature raised here, and this Court is not at liberty to create such an extension in Rector's instance. Accordingly, Rector's claims against Judge Eskridge in his individual capacity are dismissed with prejudice.

D.     Judicial Immunity

"As a class, judges have long enjoyed a comparatively sweeping form of immunity." *Forrester v. White*, 484 U.S. 219, 225 (1988). "Judicial immunity is an immunity from suit and not just from the ultimate assessment of damages." *Ballard v. Wall*, 413 F.3d 510, 515 (5th Cir. 2005). It "applies even when the judge is accused of acting maliciously and corruptly . . . ." *Pierson v. Ray*, 386 U.S. 547, 554 (1967). There are only two exceptions: (1) non-judicial actions, *i.e.*, actions not taken in the judge's judicial capacity; and (2) lawsuits challenging actions taken in the complete absence of all jurisdiction. *Mireles v. Waco*, 502 U.S. 9, 11–12 (1991).

Here, Rector's allegations of wrongdoing by Judge Eskridge implicate his constitutional rights only insofar as they concern Judge Eskridge's rulings in his habeas case. Rector does not allege, and the record does not reflect, that Judge Eskridge lacked jurisdiction over that case. And any rulings impacting Rector were clearly entered in Judge Eskridge's judicial capacity. Thus, even assuming Rector's factual allegations against Judge Eskridge were to raise a cognizable civil claim, Judge Eskridge would be immune from suit

because his rulings in Rector's habeas case were judicial acts not performed in the clear absence of all jurisdiction.

E.   Best Case Pleaded

Federal district courts can permit a *pro se* plaintiff an opportunity to amend his complaint or claim before dismissing the case. However, giving a plaintiff an opportunity to amend is not necessary if he has pleaded his "best case," such that an amended claim would remain frivolous. *See Brewster v. Dretke*, 587 F.3d 764, 767–68 (5th Cir. 2009). There is no plausible amendment that would render Judge Eskridge subject to suit under *Bivens*, and judicial economy dictates against inviting a futile amendment in this case.

### III. CONCLUSION

For the above reasons, this lawsuit is **DISMISSED** as frivolous, for failure to state a claim upon which relief can be granted, and as barred by judicial immunity. Any and all pending motions are **DISMISSED AS MOOT**.

This dismissal constitutes a strike for purposes of 28 U.S.C. § 1915(g).

Signed at Houston, Texas, on this the 27th day of May, 2025.

KEITH P. ELLISON
UNITED STATES DISTRICT JUDGE